# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1149-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

GREGORY Q. GREEN,

     Defendant-Appellant.

_____

> Argued February 7, 2024 – Decided February 23, 2024
>
> Before Judges Vernoia and Walcott-Henderson.
>
> On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 23-06-0681.
>
> Joshua David Altman argued the cause for appellant (Benedict Altman & Nettl, LLC, attorneys; Joshua David Altman, on the brief).
>
> Randolph E. Mershon, III, Assistant Prosecutor, argued the cause for respondent (Yolanda Ciccone, Middlesex County Prosecutor, attorney; Randolph E. Mershon, III, of counsel and on the brief).

PER CURIAM

By leave granted, defendant Gregory Q. Green appeals from a November 17, 2023 order denying his motion to reopen his detention hearing under the Criminal Justice Reform Act (CJRA), N.J.S.A. 2A:162-15 to -26. Having considered the record and arguments presented, the applicable legal principles, and the State's candid concession at oral argument that a remand is appropriate based on the unique circumstances presented, we vacate the court's order and remand for the court to reconsider defendant's motion to reopen on the merits.

I.

The pertinent facts are not disputed. On March 14, 2022, defendant was arrested and charged in a complaint-warrant alleging that on the same date, he committed the following offenses: third-degree burglary and fourth-degree criminal mischief. Defendant was separately arrested on March 14, 2022, on charges he committed a third-degree burglary and third-degree theft on January 8, 2022.

The State moved for pretrial detention under the CJRA on the burglary and criminal mischief charges alleged in the complaint-warrant, and the Pretrial Services' Public Safety Assessment (PSA) yielded a score of four out of six for risk of failure to appear and five out of six for risk of new criminal activity. The PSA further showed that four days after his March 14, 2022 arrest, the State

separately charged defendant with an additional sixty-three offenses.[1] At the time of his arrest, defendant had three prior criminal convictions, two for second-degree burglary and the other for third-degree possession of a controlled dangerous substance. The PSA recommended defendant's release with conditions. The court denied the State's motion for pretrial detention and released defendant on "Level III+" monitoring with conditions, which included strict home detention and required that defendant "not commit any offense during the period of release."

Later in March 2022, the State moved for revocation of defendant's pretrial release, claiming he violated the conditions of his release. The court denied the motion, finding the State failed to present clear and convincing evidence that revocation of defendant's release was "necessary to reasonably assure [his] appearance in court when required, the protection of the safety of any other person or the community, and that [he] will not obstruct or attempt to obstruct the criminal justice process."

---

[1] The charges included third-degree burglary, third-degree theft, third-degree trespass, fourth-degree criminal mischief, and various disorderly persons offenses. The PSA shows the offenses were allegedly committed on various dates in 2021 and 2022 prior to defendant's March 14, 2022 arrest. The State did not move for pretrial detention on the sixty-one new charges listed as pending on the PSA.

Four months later, a July 14, 2022 complaint-warrant charged defendant with fourth-degree tampering with physical evidence. More particularly, the complaint-warrant alleged that on or about April 8, 2022, defendant tampered with evidence—his personal Google account's location activity and map data—related to the ongoing investigation of defendant's alleged involvement in various burglaries.

The State moved for pretrial detention on the tampering charge. The State did not, however, move for revocation of defendant's release on the March 14, 2022 complaint-warrant based on defendant's alleged commission of the newly-charged tampering offense.

The PSA issued in connection with the State's motion for pretrial detention on the tampering charge showed risk scores of four out of six for failure to appear and six out of six for new criminal activity. The PSA included a "no release" recommendation and a new risk of violent activity flag. The PSA also listed over two hundred other then-pending charges, including those for which defendant was arrested on March 14, 2022, as well as others allegedly committed during the two years prior to that arrest.[2]

---

[2] The charges again included third-degree burglary, third-degree theft, third-degree trespass, fourth-degree criminal mischief, and various disorderly persons offenses.

On July 19, 2022, the court granted the State's motion for pretrial detention on the fourth-degree tampering charge. In a detailed order, the court explained the State had proffered that defendant had "contacted Google, Facebook and Comcast in order to delete data related to location, mapping and date range in an effort to obstruct the criminal case"—based on his March 14, 2022 arrest—"against him." The court explained it was "satisfied that there are no conditions of release that will prevent defendant from obstructing the criminal justice process" because defendant was "charged with tampering while on home detention."

In September 2022, defendant moved to reopen the detention hearing and for reconsideration of the detention order. In support of the motion, defendant argued he should be released pending trial because the State did not establish probable cause he committed the then-charged tampering offense. The court rejected the argument and denied the motion in an October 20, 2022 order and accompanying statement of reasons. We granted defendant's motion for leave to appeal from the court's order and summarily affirmed.

In June 2023, a grand jury returned an indictment charging defendant with: fourth-degree tampering with evidence, fourth-degree hindering apprehension of himself, and fourth-degree hindering the apprehension of

another individual. The charges arose from the allegations made in the complaint-warrant that had charged defendant with fourth-degree tampering for which the court had ordered his detention on July 19, 2022.

Fifteen months later, in October 2023, defendant again moved to reopen his detention hearing, vacate the July 2022 pretrial detention order, and release defendant on non-monetary conditions. In support of the motion, defendant argued there was information not known when the July 2022 detention order was entered that had a material bearing on the court's release decision such that it warranted vacatur of the pretrial detention order and defendant's release pending trial.

More particularly, defendant presented evidence that following the July 2022 detention order, it was determined he was clinically eligible for admission into the Recovery Court program due to a substance abuse issue and that he was participating in a substance abuse program at the Middlesex County Adult Correction Center addressing "issues related to his substance abuse and its connection with his legal problems." Defendant also presented evidence demonstrating his completion of anger management counseling and participation in a four-month hospital-sponsored "Recovery Meeting." Defendant further presented evidence—a letter from the Middlesex County

6

Prosecutor's Office—proposing a plea offer that would result in a resolution of all the pending charges against defendant and include a recommendation for imposition of a ten-year custodial sentence with a two-year period of parole ineligibility.

Defendant also argued that, at the time the motion was filed, he had been detained for fifteen months on the fourth-degree tampering charge that carried a maximum sentence of eighteen months. See N.J.S.A. 2C:43-6(a)(4) (providing the sentence for a fourth-degree offense "shall not exceed [eighteen] months"). Defendant claimed the length his then-detention, in relation to his potential maximum sentence, warranted a reopening of his detention hearing and reconsideration of the detention order.

The court denied the motion. In a succinct statement of reasons supporting its decision, the court noted that defendant was detained on fourth-degree criminal "charges in which he was essentially tampering with evidence" and "tried to delete data related to location information that the State was seeking in its investigation of numerous burglaries." The court recognized that based on the length of his pretrial detention, defendant might "soon max out" on the sentence that could be imposed on the fourth-degree "charges" for which he was detained. The court rejected defendant's reliance on that circumstance,

reasoning that defendant was "still facing numerous separate [third-]degree burglar[y]" charges.

The court further found the information concerning defendant's alleged commission of the tampering offense "was known at the previous detention hearing and . . . has not changed." The court rejected defendant's reliance on his participation in the various programs during his pretrial detention, finding it did "not rise to the level of 'having material bearing on the release decision.'" The court entered a November 17, 2023 order denying defendant's motion.

Although not addressed by the State or the court in connection with defendant's motion to reopen his detention hearing, in November 2023, a grand jury returned a forty-one count indictment against defendant charging him with various third- and fourth-degree offenses. The State did not separately seek defendant's detention on the charges in the indictment.

At oral argument on defendant's present appeal, the State advised that defendant was recently charged in additional indictments with one-hundred-fifty-five charges arising from the numerous complaints that have been filed against him over the past few years. Again, the State did not separately seek a detention order on those charges.

On December 14, 2023, we granted defendant's motion for leave to appeal from the November 17, 2023 order denying his motion to reopen his detention hearing on the fourth-degree charges for which he has been detained since entry of the July 19, 2022 pretrial detention order. In support of his appeal, defendant makes the following argument:

POINT I

THE INTERESTS OF JUSTICE COMPEL THE GRANT OF LEAVE TO APPEAL, AND A REMAND FOR A DETENTION HEARING.

II.

We review a trial court's release and detention determinations under the CJRA for an abuse of discretion. State v. S.N., 231 N.J. 497, 515 (2018). A court abuses its discretion when its decision "'rest[s] on an impermissible basis' or was 'based upon a consideration of irrelevant or inappropriate factors,'" ibid., (alteration in original) (quoting State v. Steele, 430 N.J. Super. 24, 34-35 (App. Div. 2013)), "'fails to take into consideration all relevant factors,'" or "'reflects a clear error in judgment,'" ibid. (quoting State v. Baynes, 148 N.J. 434, 444 (1997)).

A court's decision that is "'based upon a misconception of the law . . . is not entitled to any particular deference and consequently will be reviewed de

novo.'" Ibid. We also do not owe "'deference to a trial court['s] decision that fails to "provide factual underpinnings and legal bases supporting [its] exercise of judicial discretion."'" Ibid. (alterations in original) (quoting State v. C.W., 449 N.J. Super. 231, 255 (App. Div. 2017)). Thus, "a trial court's decision not supported by articulable facts is not entitled to deference and may constitute an abuse of discretion." Ibid.; see also Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (citation omitted) (explaining a court abuses its discretion in part when its decision is "made without a rational explanation").

Under the CJRA, a defendant is permitted to apply to reopen a detention hearing at any time prior to trial. State v. Hyppolite, 236 N.J. 154, 164 (2018). N.J.S.A. 2A:162-19(f) prescribes the standard governing an application to reopen a detention hearing. The statute provides in pertinent part that a detention

> hearing may be reopened . . . if the court finds that information exists that was not known to the prosecutor or the eligible defendant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the eligible defendant's appearance in court when required, the protection of the safety of any other person or the community, or that the eligible defendant will not obstruct or attempt to obstruct the criminal justice process.
>
> [N.J.S.A. 2A:162-19(f).]

The statute provides the "path" for reconsideration of a detention decision "when (1) there is new information, or a change in circumstances, (2) that is material to the release decision." In re Request to Release Certain Pretrial Detainees, 245 N.J. 218, 235 (2021).

Where a court denies a motion to reopen a detention hearing, "it should provide a statement of reasons for review on appeal." Hyppolite, 236 N.J. at 172; see also R. 1:7-4(a). A court's "[f]ailure to make explicit findings and clear statements of reasoning [impedes meaningful appellate review and] 'constitutes a disservice to litigants, the attorneys, and the appellate court.'" Gnall v. Gnall, 222 N.J. 414, 428 (2015) (citation omitted). In addition, an abuse of discretion arises, at least in part, when a decision is "made without a rational explanation." Flagg, 171 N.J. at 571 (citation omitted).

Here, defendant argues the court abused its discretion by failing to make adequate findings of fact supporting its decision. Defendant further contends the court did not properly apply the standard for reopening a detention hearing under N.J.S.A. 2A:162-19(f) because it did not consider information—his "drug dependency" as confirmed by the Recovery Court assessment and his subsequent participation in a substance abuse program—that was not available when the pretrial detention order was entered in July 2022 and which he claims has a

material bearing on the release decision.  Defendant also argues the court erred by failing to consider that he was detained only on fourth-degree offenses, relying on other charges for which he had not been detained, and not considering the State's plea offer in its determination of his motion.

We are not persuaded by defendant's claim the Recovery Court determination that he suffers from a substance abuse issue, and his participation in a substance program while incarcerated pursuant to the July 19, 2022 pretrial detention order, support a reopening of his detention hearing under N.J.S.A. 2A:162-19(f).  In the first instance, defendant did not present any evidence his substance abuse issue—whether formally diagnosed or not—constituted information that was not known to him as the "eligible defendant at the time of the hearing."  N.J.S.A. 2A:162-19(f).  Thus, he failed to sustain his burden of establishing his substance abuse issue constituted "new information, or a change in circumstances" different than those extant when the court first entered the pretrial detention order.  In re Pretrial Detainees, 245 N.J. at 235.

Similarly, defendant attempts to make too much out of too little in arguing that his participation in a substance abuse treatment program during his pretrial detention represented a changed circumstance warranting a reopening of his detention hearing.  The claim is unsupported by an affidavit or certification

12

supporting the facts on which it is based.  See R. 1:6-6.  Moreover, the letter defendant provides in support of the claim says nothing more than he has been "attending" the program and "present[ed] a willingness to address his issues related to his substance abuse."  The letter does not describe the program, state that he completed it, offer a prognosis or assessment, or otherwise provide any information that constitutes a changed circumstance that appears in any manner "material to the release decision."  In re Pretrial Detainees, 245 N.J. at 235.

We therefore reject defendant's claim the court erred by denying his motion to the extent it is founded on his claim the Recovery Court determination that he suffered from a substance abuse issue and his participation in the substance abuse program required a reopening of his detention hearing.  The putative evidence he presented in support of the claim is inadequate to sustain his burden under N.J.S.A. 2A:162-19(f).

The same cannot be said about defendant's claim he was entitled to a reopening of his detention hearing because at the time the court decided his motion—November 17, 2023—he had been detained for sixteen months on charges for which the maximum sentence that could reasonably be expected to be imposed if he is convicted is only eighteen months.  See N.J.S.A. 2C:43-6(a)(4).  Indeed, at present, defendant has been detained pretrial for nineteen

months, one month in excess of the maximum sentence the parties agree could reasonably be expected to be imposed if defendant is convicted of the three pending fourth-degree offenses that arose out of the complaint-warrant charging the fourth-degree tampering offense for which he is being detained.[3]

The motion court abused its discretion by rejecting defendant's claim that the length of his pretrial detention on the fourth-degree offenses—in relation to his potential maximum sentence—warranted a reopening of his detention hearing under N.J.S.A. 2A:162-19(f). The court rejected the claim, reasoning the length of defendant's detention on the fourth-degree charges for which his pretrial detention was ordered did not require a reopening of defendant's detention hearing because of the numerous other charges, including many third-degree offenses, presently pending against him.

---

[3] In a refreshing expression of candor, the State also conceded the principles applicable to the imposition of consecutive sentences of imprisonment under State v. Yarbough, 100 N.J. 627 (1985), would not likely support the imposition of consecutive sentences on the three pending fourth-degree offenses in the indictment if defendant is convicted of the offenses at trial. Although not bound by that concession if the matter proceeds to trial, the State concedes that for purposes of defendant's motion to reopen his detention hearing, defendant has been detained at present in excess of the maximum period—eighteen months—for which he would likely be sentenced if convicted of the three fourth-degree offenses. See N.J.S.A. 2C:43-6(a)(4).

In making that determination, the court did not consider that the only extant detention order—the one for which defendant sought a reopening of his detention hearing—was issued solely based on the complaint-warrant for tampering that later resulted in defendant's indictment on three fourth-degree offenses. The State never sought revocation of defendant's original release on the March 2022 burglary and criminal mischief charges for which he had been released on Level III+ monitoring, even after defendant allegedly committed the tampering offense for which he has been detained. The State also has never sought a pretrial detention order on the numerous other charges for which defendant has been subsequently charged, arrested, and indicted.

It was an error for the court to reject defendant's motion to reopen his detention hearing based simply on the pendency of other charges for which the State has not seen fit to request detention. By doing so, the court effectively made a detention determination on those other charges without affording defendant the protection of procedural requirements and safeguards embodied in the CJRA to which he is entitled.

A defendant may seek a reopening of a detention hearing based on a claim of unduly prolonged pretrial detention under two sources of authority—N.J.S.A. 2A:162-19(f) and constitutional principles. See In re Pretrial Detainees, 245

15

N.J. at 230. Under the latter source, "due process concerns impose limits on how long a defendant may be held in custody before trial," because "if pretrial detention . . . is significantly prolonged, a defendant's confinement may become punitive." Id. at 231 (citation omitted). Here, defendant sought a reopening of his detention hearing under N.J.S.A. 2A:162-19(f).

In Matter of Pretrial Detainees, the Court considered whether defendants whose pretrial detentions were prolonged due to the COVID-19 pandemic were entitled to reopen their detention hearings under N.J.S.A. 2A:162-19(f). 245 N.J. at 231-32. The Court determined that "[t]he unexpected duration of the pandemic" and the attendant "continued suspension of jury trials . . . constitute[d] new information or a change in circumstances" sufficient to satisfy the requirements of the first prong of the standard for reopening under N.J.S.A. 2A:162-19(f). Id. at 236.

Here, based on the unique circumstances presented, we similarly conclude that the confluence of factors resulting in defendant's pretrial detention for time now exceeding the maximum period for which he could reasonably be sentenced if convicted of the only charges for which he is being detained constitute a sufficient change of circumstances warranting reopening under the first prong of the statutory standard. Id. at 235; N.J.S.A. 2A:162-19(f). For that reason, we

16

vacate the court's order and remand for it to reconsider defendant's motion to reopen his detention hearing under N.J.S.A. 2A:162-19(f), address and make findings under the second prong—materiality—of the statutory standard, and decide the motion anew.

We note the court did not make any findings concerning the materiality prong of the statutory standard other than a conclusory determination defendant did not satisfy it. Defendant's claim concerning the length of his pretrial detention as a change in circumstances requires more under Matter of Pretrial Detainees. 245 N.J. at 237. A determination of materiality requires an analysis of "whether the circumstances" at the present time "warrant a defendant's continued detention," and that analysis "calls for a renewed examination of whether any combination of conditions would reasonably assure against the risk of non-appearance, danger, or obstruction in light of" defendant's continuation beyond the time he could otherwise reasonably be expected to serve as a maximum sentence for the three fourth-degree offenses for which he is presently being detained pursuant to the July 19, 2022 order. See ibid.

In assessing those risks, the Court has suggested consideration of the following factors pertinent here: "1. The length of detention to date as well as the projected length of ongoing detention[,]" id. at 237; "2. [w]hether a

defendant has been or will be in detention longer than the likely amount of time the person would actually spend in jail if convicted[,]" id. at 238; "3. [t]he existence and nature of a plea offer[,]" ibid.; and "[4.] [o]ther factors relevant to pretrial detention that are outlined in N.J.S.A. 2A:162-20[,]" id. at 239.[4]

On remand, the court shall permit the parties to supplement their submissions and make such additional arguments and requests as they deem appropriate and pertinent to defendant's motion to reopen his detention hearing under N.J.S.A. 2A:162-19(f). The court shall consider and decide the motion based on the record presented and shall make findings of fact and conclusions of law supporting its determination. R. 1:7-4. Our decision to vacate and remand for further proceedings shall not be interpreted as expressing an opinion on the merits of defendant's motion.

Vacated and remanded for further proceedings in accordance with this decision. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] The Court also identified an additional factor, "[a] defendant's particularized health risks, if any, and whether they present a heightened risk the individual will contract COVID-19[,]" id. at 239, that is inapplicable here.

A-1149-23